IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID WILLIAMS, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. H-11-530 |
| § | |
| ALLSTATE FIRE AND CASUALTY § | |
| INSURANCE CO., *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

This is one of the many insurance cases filed after Hurricane Ike. The plaintiffs have moved for a continuance of the dates for discovery cutoff and docket call based on the facts that their lead counsel, René Sigman, is on maternity leave from mid-February to June 2012 and additional discovery remains to be completed. (Docket Entry No. 52). Allstate Fire and Casualty Insurance Co. opposes a continuance on the basis that other attorneys in Sigman's firm can take over for her, both at trial and in conducting discovery. Alternatively, Allstate asks this court to toll the 18% interest that would otherwise continue to accrue under the Texas Insurance Code. (Docket Entry No. 53). The plaintiffs have replied, arguing that Sigman is the only lawyer at the firm knowledgeable about this case and that there is no basis to toll the statutory penalty and interest. (Docket Entry No. 54).

In June 2011, this court entered a Scheduling and Docket Control Order that called for discovery to be completed by February 24, 2012; all pretrial motions to be filed by March 23; the joint pretrial order and any motions in limine to be filed by May 18; and docket call to be held on May 25, with the expectation of a trial in June. (Docket Entry No. 16). Rule 16(b) of the Federal

Rules of Civil Procedure allows a scheduling order to be modified on a good-cause showing. FED. R. CIV. P. 16(b)(4). Sigman has made such a showing. Lawyers are not fungible, and Sigman has shown that she is needed at least to try the case. It is likely, however, that other lawyers in the firm may be able to complete the discovery. At a minimum, the dates must be extended to permit final trial preparations and trial after Sigman returns from maternity leave.

Although Sigman describes the need for significant additional discovery, it does not appear that such extensive discovery will be required. The record does not disclose the need for an expert economist, for example. (*See* Docket Entry No. 52, ¶ 4). Nevertheless, it appears that additional time for some discovery and the filing of pretrial motions is required.

Allstate argues that the statutory interest should be tolled during the continuance. Under the Texas Insurance Code:

> If an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees.

TEX. INS. CODE § 542.060(a). "While Section 542.060 does not expressly state when the 18% interest stops accruing, the Supreme Court of Texas has noted that such interest only accrues until the date judgment is rendered in the trial court." *Great Am. Ins. Co. v. AFS/IBEX Fin. Servs., Inc.*, 612 F.3d 800, 809 (5th Cir. 2010) (citing *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427–28 (Tex. 2004)). Allstate has not identified a valid basis to alter *Mex-Tex*'s requirement, as interpreted by the Fifth Circuit, that statutory interest accrue until the date of final judgment. *See Great Am. Ins. Co.*, 612 F.3d at 809.

The motion for a continuance, (Docket Entry No. 52), is granted. The remaining deadlines are extended as follows:

1.      July 13, 2012      **COMPLETION OF DISCOVERY**
Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline.

2.      August 3, 2012      **PRETRIAL MOTIONS DEADLINE**
No motion may be filed after this date except for good cause.

3.      September 21, 2012      **JOINT PRETRIAL ORDER AND MOTION IN LIMINE DEADLINE**
The Joint Pretrial Order will contain the pretrial disclosures required by Rule 26(a)(3) of the Federal Rules of Civil Procedure. Plaintiff is responsible for timely filing the complete Joint Pretrial Order. Failure to file a Joint Pretrial Order timely may lead to dismissal or other sanction in accordance with applicable rules.

4.      September 28, 2012      **DOCKET CALL**
Docket Call will be held at 2:00 p.m. in Courtroom 11-B, United States Courthouse, 515 Rusk, Houston, Texas. No documents filed within seven days of the Docket Call will be considered. All pending motions may be ruled on at docket call, and the case will be set for trial.

A status conference will be held on **June 18, 2012, at 9:00 a.m.** in Courtroom 11-B.

SIGNED on February 29, 2012, at Houston, Texas.

*Lee H. Rosenthal*
Lee H. Rosenthal
United States District Judge